IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL BROWN, | ) | CASE NO. 1:14-CV-2037 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| vs. | ) | |
| | ) | |
| CARMEUSE LIME & STONE, INC., et al., | ) | **MEMORANDUM AND OPINION** |
| | ) | |
| Defendants. | ) | |

This matter is before the Court upon a Motion for Summary Judgment filed by Defendant, American Steamship Company (hereafter "American Steamship"). (ECF #43). Plaintiff filed a Response to the Motion for Summary Judgment (ECF #67), and Co-Defendant, O-N Minerals (Michigan) Company, (hereafter "ONM"), filed a Brief in Opposition to the Motion for Summary Judgment (ECF #55). American Steamship filed its Reply Brief in Support of its Motion for Summary Judgment, also asking this Court to disregard ONM's Motion for lack of standing (ECF #68).[1] This matter is fully briefed and ripe for review.

For the reasons more fully set forth below, American Steamship's Motion for Summary Judgment is GRANTED in part and DENIED in part.

---

[1] To date, the Sixth Circuit has not addressed the issue of whether one Co-Defendant has standing to oppose another Co-Defendant's Motion for Summary Judgment, absent cross-claims between the Defendants. *See Stone v. Marten Transport, LLC*, 2014 WL 1666420 (M.D. Tenn, Apr. 25, 2014) at *4. Therefore, this Court makes its ruling based upon the motions filed by Plaintiff and American Steamship.

I.    FACTS[2]

This action is based upon personal injuries Plaintiff sustained on August 16, 2014, while working as an employee of American Steamship. Plaintiff was a deckhand aboard the "M/V American Courage," responsible for mooring the vessel when it reached the Cleveland Bulk Terminal dock (hereafter "CBT dock"), located in Cleveland, Ohio. Defendant ONM owns and operates the CBT dock. Plaintiff had safely disembarked from the vessel and was standing on the dock when he slipped and fell on iron-ore pellets left on the dock.

Plaintiff sets forth three claims against American Steamship: (1) unseaworthiness under general maritime law; (2) maintenance and cure under general maritime law; and (3) negligence under the Jones Act, 46 U.S.C.A. §30104. Plaintiff has admitted that American Steamship has met its obligation regarding maintenance and cure, and therefore, summary judgment is granted in American Steamship's favor on that claim.[3]

II.   LEGAL ANALYSIS

Plaintiff's unseaworthiness and Jones Act causes of action are separate claims comprised of different elements. *Syzmanski v. Columbia Transp. Co., a Div. of Oglebay-Norton Co.*, 154 F.3d 591 (6th Cir. 1998)(*citing Cook*, 53 F.3d 733, 740 (6th Cir. 1995). A Jones Act cause of action is based upon the shipowner's negligence, whereas an unseaworthiness cause of action has no negligence element. *Id.*

  A.  UNSEAWORTHINESS

The admiralty doctrine of unseaworthiness imposes an absolute, nondelegable duty on

---

[2] The factual summary is based upon the parties' statements of fact. Those material facts which are controverted and supported by deposition testimony, affidavit or other evidence are stated in a light most favorable to Plaintiff, the non-moving party.

[3] See ECF #67, p. 16.

shipowners to provide a vessel with equipment, appurtenances, and crew reasonably suited for their intended purpose. *Cook v. American S.S. Co.*, 53 F.3d at 741(*citation omitted*).  The term "appurtenances" has been defined as items that are "specifically identifiable," must be "destined for use aboard a specifically identifiable vessel" and "essential to the vessel's navigation, operation or mission." *Gonzalez v. M/V Destiny Panama*, 102 F.Supp.2d 1352, 1354-57 (S.D.Fla.2000).   Unseaworthiness can arise from defective gear, an unfit or understaffed crew, use of an improper method of storing or unloading cargo, or misuse of properly-functioning equipment when so directed by a superior. *Taylor v. TECO Barge Line, Inc.*, 517 F.3d 372, 383 (6th Cir. 2008).

In order to determine whether American Steamship's vessel was unseaworthy at the time of Plaintiff's injury, it must be determined whether the CBT dock upon which Plaintiff was standing is considered an appurtenance.  Numerous courts have held that piers and docks are considered extensions of land, and are therefore, not appurtenances of a vessel.  *See, e.g., Victory Carriers, Inc., v. Law*, 404 U.S. 202, 92 S.Ct. 418, 422, 30 L.Ed.2d 383 (1971)(finding that a gangway attached to a vessel is an appurtenance, while a dock is not).  It has also been found that the doctrine of seaworthiness does not apply to a dock owner who does not occupy the position of owner or operator of a vessel. *See, e.g., Florida Fuels, Inc. v. Citgo Petroleum Corp.*, 6 F.3d 330, 332 (5th Cir. 1993) (*citations omitted*).

Plaintiff alleges that because he was holding a mooring line attached to the vessel when he fell, this "rendered the vessel unseaworthy." *See* ECF #67, p. 16.  However, the fact that Plaintiff was holding onto a mooring line does not convert the dock to an appurtenance.  *See, e.g., Davis v. W. Bruns & Co.*, 476 F.2d 246, 248 (5th Cir. 1973)("the temporary affixing of steadying wires" from a vessel to conveyer belt on a dock does not render the conveyer belt an

appurtenance.)  Moreover, it has been found that the fact that a seaman is sent to work on a dock does not make the dock a part of the vessel or an extension of the vessel.  *See Klump v. Oglebay Norton Marine Services Co.*, LLC, 2009 WL 1456285 (E.D. Mich. Apr. 1, 2009), at *12 (*quoting Henry v. S.S. Mount Evans*, 227 F.Supp. 408 (D.C.Md. 1964).  Similarly, when an injury is caused by cargo not yet loaded from the dock onto the vessel, or caused by equipment located solely on a dock, then the injury is not caused by an appurtenance of the vessel.  *See Oliver v. Omega Protein, Inc.*, 2010 WL 2976522 (E.D.Va. July 19, 2010)(*citations omitted*).

In this case, the CBT dock is not considered an appurtenance of American Steamship's vessel, and therefore, American Steamship is entitled to judgment as a matter of law on the unseaworthiness claim.

Alternatively, Plaintiff argues that the vessel's officers were "incompetent in the exercise of their supervision under the circumstances" when they failed to use the vessel's spotlights to illuminate the dock area where Plaintiff fell.  *See* ECF #67 pp.14-15.  Plaintiff does not allege that the spotlights were defective or in disrepair.  Plaintiff sets forth no evidence in the record to support the contention that any of American Steamship's employees were improperly trained, incompetent, or "played a substantial part in bringing about or actually causing the injury, and that the injury was either a direct result or a reasonably probable consequence of the unseaworthiness." *Smith v. Basic Marine Services, Inc*., 964 F.Supp.2d 597 (E.D.La. Aug. 7, 2013)(*citations omitted*).  See also *Salamon v. Motor Vessel Polling Bros. No. 11, Inc.*, 751 F.Supp. 343 (E.D.N.Y 1991)(finding that vessel employee's failure to use spotlight to illuminate dock stairwell owned and operated by another defendant was not sufficient to show liability for unseaworthiness).

Therefore, this Court finds that Plaintiff's claim of unseaworthiness fails and Defendant

American Steamship is entitled to Summary Judgment on this claim.

      B.      JONES ACT

Under the Jones Act, an employer has a duty to provide a safe work place for its employees. *Rannals v. Diamond Jo Casino*, 265 F.3d 442, 449 (6th Cir.2001).  A plaintiff must show that his employer breached this duty by failing to "protect against foreseeable risks of harm." *Perkins v. Am. Elec. Power Fuel Supply, Inc*., 246 F.3d 593, 599 (6th Cir.2001). Therefore, there must be "some evidence from which the trier of fact can infer that the owner either knew, or in the exercise of due care, should have known of the unsafe condition." *Id*.  In light of this very low evidentiary threshold, the Sixth Circuit has expressed its reluctance to dispose of Jones Act claims through summary judgment, and even marginal claims are properly left for jury determination. *Daughenbaugh v. Bethlehem Steel Corp*., 891 F.2d 1199, 1207 (6th Cir.1989)(*citations omitted*).

In this matter, American Steamship entered into an "Iron Ore Handling Services Agreement" with ONM, which governed the use, operations, and maintenance of the CBT dock. (ECF #67-1).  However, American Steamship has argued that because it did not own or control the CBT dock, and because it notified ONM of its impending arrival at the dock on August 16, 2014, that it discharged its "legal obligation to provide [Plaintiff] with a reasonably safe workplace." (ECF #43, pp. 16-17.)  This argument is contrary to current case law, which finds that a Jones Act employer can be held responsible for injuries caused by the negligence of its agent, in this case, ONM.  *Rannals v. Diamond Jo Casino*, 265 F.3d at 451.  This finding supports the non-delegable duty of an employer to provide a safe work place for its employees under the Jones Act. *Id.*

Plaintiff has raised several issues of fact regarding American Steamship and its

employees' potential negligence under the Jones Act surrounding the accident of August 16, 2014.  Plaintiff has alleged that spotlights could have illuminated the dock area and that his crewmates knew about and failed to warn him of the dark, slippery and hazardous condition of the dock. (See ECF #67, p.3).   Defendant counters that Plaintiff's crewmates had "no opportunity" to correct the conditions on the dock, and that it was ONM who had the duty to "clean up the taconite, fix the dysfunctional lights [and] correct [any] hazards." (ECF #68, pp. 7-8).  Plaintiff also argues that he was not properly or formally trained by his employer, American Steamship. (Id. at p. 5). Defendant counters that it conducted appropriate "on-board and on-the-job training" as well as required safety briefings with Plaintiff and crewmates.  (ECF #68, p.4).  These are factual issues that may or may not impute negligence to American Steamship for Plaintiff's injuries under the Jones Act, and these questions of fact should be decided by a jury.  *Rannals*, 265 F.3d at 451.

Therefore, this Court denies summary judgment on the Jones Act claim against American Steamship.

III.    CONCLUSION

Based upon the foregoing, American Steamship's Motion for Summary Judgment (ECF #43) is GRANTED as to the unseaworthiness and maintenance and cure claims, and DENIED as to the Jones Act claim.

IT IS SO ORDERED.

                                           /s/ Donald C. Nugent
                                           DONALD C. NUGENT
                                           United States District Judge

DATED: July 18, 2016